COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-428-CR

 

 

TIARA MARIE HARRIS                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.
Introduction








Appellant Tiara Marie Harris
was charged by information with the offense of possession of marijuana under
two ounces.  Harris filed a motion to
suppress the marijuana evidence.  She
subsequently entered a plea of no contest and received deferred adjudication
subject to a plea bargain.  This appeal
follows.  We affirm.

II.
Background Facts

The following facts were
presented at Harris=s
suppression hearing.  Detective Chris
Kemp testified that a fellow Lewisville police officer described an incident to
him in which at 5:10 a.m. on September 21, 2004, the officer observed a woman
and a man exit a car that was later determined to be stolen. The man fled by
foot.  The woman walked by the officer
and told him that the car was not hers but did not stop walking.  The officer found a man=s name inside the car.  Based on
the officer=s physical
description of the woman, Detective Kemp believed that the woman was Tiara
Harris.  Further, he recognized the name
found in the car as a man that Harris used to date.








During Detective Kemp=s investigation of the incident, he discovered an arrest warrant for
Harris out of Dallas County.  The warrant
was unrelated to the current investigation. 
At 9:08 a.m., four hours after the police officer had observed the
incident, Detective Kemp and another detective, Robert Feagins, drove to the
last known address for Harris with the intent to arrest her.  The address was an extended-stay hotel
located across the highway from where the stolen car was found and from where
the police had observed the woman and man exiting the car.  When Harris answered the door, the detectives
advised her that they had a warrant for her arrest.  The detectives then asked Harris if they
could come in and talk to her.  When the
detectives entered the room upon Harris=s consent, they noticed that the bathroom door was closed.  Detective Feagins entered the bathroom and
saw a marijuana joint on the counter. 
Harris was subsequently charged with possession of marijuana.

III.
Arrest Warrant

In her first issue, Harris
claims that the police did not have a valid arrest warrant when they arrested
her at her hotel room.  Thus, she asserts
that the arrest was illegal, rendering the protective sweep and any evidence
obtained as a result of it inadmissible. 
The State argues that Harris failed to preserve error. We agree. In her
motion to suppress, Harris only challenged the search of the hotel room and the
protective sweep of the bathroom as illegal under the Fourth Amendment to the
U.S. Constitution, as well as article I, section 9 of the Texas Constitution,
and articles 1.06 and 18.01(b) of the Texas Code of Criminal Procedure.  She did not, however, claim that the arrest
was illegal.  Nor did she present this
argument at the hearing on her motion. 
As such, Harris has forfeited this argument on appeal.  See Tex.
R. App. P. 33.1(a); Martinez v. State, 17 S.W.3d 677, 682‑83
(Tex. Crim. App. 2000).  We overrule
Harris=s first issue.

 








IV.
Protective Sweep 

In her second issue, Harris
argues that the protective sweep conducted by the police was illegal and as
such, the marijuana evidence discovered as a result of the sweep should have
been suppressed.  

A Aprotective sweep@ is a Aquick and limited search of premises, incident to an arrest and
conducted to protect the safety of police officers or others.@ 

Reasor v. State, 12 S.W.3d 813, 815 (Tex. Crim. App. 2000).  AThe Fourth Amendment permits a properly limited protective sweep in
conjunction with an in‑home arrest when the searching officer possesses a
reasonable belief based on specific and articulable facts that the area to be
swept harbors an individual posing a danger to those on the arrest scene.@  Id. at 337 (quoting Maryland
v. Buie, 494 U.S. 325, 337, 110 S. Ct. 1093, 1096 (1990)).  Further, an occupant of a motel room is
entitled to the same constitutional protections against unreasonable searches
and seizures with respect to the motel room as an occupant of a home.  Stoner v. California, 376 U.S. 483,
490, 84 S. Ct. 889, 893 (1964); Moberg v. State, 810 S.W.2d 190, 194
(Tex. Crim. App. 1991). 








The sweep must not be a full
search of the premises.  Reasor, 12
S.W.3d at 816.  Rather, it may only
extend to a cursory inspection of those spaces where a person may be found and
may only last long enough to dispel the reasonable suspicion of danger.  Id. 
Furthermore, the protective sweep is not an automatic right police
possess when making an in‑home arrest. 
Id.  It is permitted only
when justified by a reasonable, articulable suspicion that the house is
harboring a person posing a danger to those on the arrest scene.  Id.

Harris contends that the
protective sweep was illegal for the following four reasons: (1) the police entered
her room illegally because the affidavit for the Dallas County warrant shows
that the warrant was invalid; (2) the police tricked her by implying that the
warrant was still valid; (3) it was not necessary to enter her home to arrest
her; and (4) the police had no articulable reasons to justify a protective
sweep in this case.  








In her motion to suppress the
marijuana evidence and at the hearing on the motion, Harris=s sole argument was that the detectives= protective sweep of her room was illegal because the detectives had
no specific and articulable facts to believe that the bathroom in her hotel
room harbored an individual who would pose a danger to the detectives at the
arrest scene.  As we stated when we
addressed Harris=s first
issue, she did not argue that the arrest warrant was invalid, nor did she
assert this point at the hearing on the motion to suppress. Additionally,
Harris never asserted that the detectives tricked Harris into believing that
the warrant was valid, nor did she argue that it was not necessary for the
detectives to enter her home to arrest her, either in her motion or at the
suppression hearing.  Therefore, Harris
has forfeited her right to raise these arguments on appeal.  See Tex.
R. App. P. 33.1(a); Martinez, 17 S.W.3d at 682‑83.  Harris=s fourth reason, however, is preserved for our review.  








Harris argues that the
detectives simply acted on a generalized hunch or feeling, which was not
grounded in any articulable fact. 
However, Detective Kemp testified that when he arrested Harris in her
home, he believed that the unknown man might be hiding in Harris=s bathroom.  Detective Kemp
explained that the unknown man had been seen with Harris only four hours
earlier, exiting a stolen vehicle.  He
also testified that the man ran away when a police officer approached him and
that Harris=s hotel room
was located directly across the street from the highway where the stolen car
had been recovered.  Further, after the
detectives knocked on Harris=s door, Harris took what the detectives believed was a
longer-than-usual period of time to open the door.  Finally, when the detectives entered the
room, they noticed that the bathroom door was shut. Under the circumstances in
this case, we hold that the detectives were justified in performing a
protective sweep of the motel room.  See
Mondragon‑Garcia v. State, 129 S.W.3d 674, 677 (Tex. App.CEastland 2004, pet. ref=d) (holding protective sweep was justified because appellant had been
seen with two other people in the hours before the arrest); Ramirez v.
State, 105 S.W.3d 730, 743 (Tex. App.CAustin 2003, no pet.) (holding officer was permitted to sweep the room
in order to establish that no individuals were present); see also Pever v.
State,  No. 14‑97‑00345‑CR,
2001 WL 276667, at *1 (Tex. App.CHouston [14th Dist.] March 22, 2001, pet. ref=d) (not designated for publication) (holding officers articulated
facts which could lead a reasonable officer to feel need to conduct protective
sweep for their safety when they testified that suspect initially refused to
come out of his residence, that another suspect was involved, and that they did
not know where the other suspect was when the warrant was served).  Accordingly, we overrule Harris=s second issue.

V. Conclusion 

Having overruled both of
Harris=s issues, we affirm the trial court=s judgment. 

 

BOB MCCOY

JUSTICE

 

PANEL
B:  WALKER and MCCOY, JJ.; and BRIGHAM,
J. (Retired, Sitting by Assignment).

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
July 13, 2006











[1]See Tex. R. App. P. 47.4.